UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES A. SUTTON III,

        Plaintiff,

vs.                        CASE NO. _____

**SKY RECOVERY SERVICES, LTD.**,

        Defendant.
_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1337 and 15 U.S.C. § 1692k. Venue in this District is proper pursuant to under 28 U.S.C. §1391(b) because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, James Sutton is a natural person and a citizen of the State of New York, residing in Erie County in the Western District of New York.

4. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Sky Recovery Services, Ltd. is a foreign business corporation organized and existing under the laws of the State of Texas with its principal place of business and corporate offices in Houston, Texas.

6. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7. Defendant regularly collects or attempts to collect debts for other parties.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

9. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

10. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family, or household purposes.

11. Defendant left the following messages on Plaintiff's voice mail on his cellular telephone on or about the date(s) stated:

<u>June 16, 2011 at 11:39 AM</u>
"James Sutton, my name is Mr. Allen. It's important that you reach my office here today before 6 p.m. and that is Central Standard Time as well. Again my name is Mr. Allen and my number is (281) 679-9000. We do need to hear from you before 6. The reference number you're gonna need: 278840. Like I said I need to hear from you by 6 p.m. today because we do have to make our final decision."

<u>June 27, 2011 at 2:32 PM</u>
"Mr. Sutton, this is Mr. Allen here speaking. I've left you several messages. I don't understand why you're not returning my phone calls, this is for your benefit. But we do have to make a decision today by 6 p.m. Again my name is Mr. Allen and my number is (281) 679-9000. I am at extension 101 and the reference number you're gonna need is 278840."

<u>July 1, 2011 at 12:09 PM</u>
"The message is for James Sutton, or well, James this is Mr. Allen speaking. I've left you several messages. I don't understand why you are not returning my phone call. Uh, again, I need to hear from you by 6 p.m., the number is (281) 679-9000. The reference number you'll need is 278840. Have that number available when you return the call. Thanks."

<u>July 6, 2011 at 1:34 PM</u>

"James Sutton, this is Mr. Allen speaking.  It is important that I hear from you today before 6 p.m. Again, it's Mr. Allen and my number is (281) 679-9000. I'm at extension 101. The reference number you'll need is 278840."

July 12, 2011 at 2:19 PM
"This is Mr. Allen speaking.  I've tried to reach you many, many times.  It is very important that you return the phone call today before 6 p.m.  Again my name is Mr. Allen and the number is (281) 679-9000.  I'm at extension 101 and the reference number you're gonna need is 278840.  And again, we do have to make our final decision by 6 p.m. Central Standard Time."

July 13, 2011 at 10:02 AM
"Um, James Sutton this is Mr. Allen who is speaking.  I've left you several messages.  I don't understand why you're not returning my phone calls.  This is for your benefit.  But I need to hear from you by 6 p.m. today.  Uh that's Central Standard Time as well.  (281) 679-9000.  The, uh, reference number you're gonna need is 278840."

August 8, 2011 at 1:28 PM
"Mr. Sutton this is Mr. Allen here speaking.  I've left – I don't know how many messages I've left for you but I mean [undecipherable] for your benefit.  But I need to hear from you today before 6 p.m. Again it's Mr. Allen and my number is (281) 679-9000. I am at extension 101.  And you'll need the reference number 278840.  Again, this is for your benefit."

August 16, 2011 at 11:51 AM
"James Sutton this is Mr. Allen here speaking.  I've left several messages for you.  It is important you reach my office here today before 6 p.m. We will be making our final decision by that time.  (281) 679-9000. I'm at extension 101 and you'll need the reference number 278840."

August 25, 2011 at 1:49 PM
"Yes good afternoon Mr. James Sutton.  My name is Lena.  I do need to speak with you in regards to reference number 278840.  Please return the phone call to my office at (281) 679-9000 extension 105.  I will be here in my office until 6 p.m. Thank you."

September 15, 2011 at 4:04 PM
"This message is for James Sutton.  Contact Dorothy Walker please at (281) 679-9000.  My extension is 101 and it's in reference to file number 278840."

12.     The Defendant left similar or identical messages on other occasions.

(Collectively, "the telephone messages").

13. The messages are "communications" as defined by 15 U.S.C. § 1692a(2). *See* Belin v. Litton Loan Servicing, 2006 WL 1992410 (M.D.Fla. July 14, 2006) (holding that messages left on the debtor's answering machine were "communications" under the FDCPA); Foti v. NCO Fin. Sys., 424 F.Supp.2d 643, 655-56 (S.D.N.Y.2006) (holding that a voice mail message is a "communication" under the FDCPA); Hosseinzadeh v. M.R.S. Assocs., Inc., 387 F.Supp.2d 1104, 1115-16 (C.D.Cal. 2005) (same).

14. Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages and failed to disclose Defendant's name.

## COUNT I
### FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(11)

15. Plaintiff incorporates Paragraphs 1 through 14 above as if fully set forth herein.

16. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. § 1692e(11). *See* Foti v. NCO Fin. Sys., 424 F. Supp. 2d 643, 646 (S.D.N.Y. 2006); Belin v. Litton Loan Servicing, 2006 WL 1992410 (M.D. Fla. 2006); Leyse v. Corporate Collection Servs., 2006 WL 2708451 (S.D.N.Y. 2006).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses, and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
### FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(6)

17. Plaintiff incorporates Paragraphs 1 through 14 above as if fully set forth herein.

18. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the purpose of its communications in the telephone message in violation of 15 U.S.C. § 1692d(6).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. Damages;

   b. Attorney's fees, litigation expenses, and costs of suit; and

   c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

s/ James S. Giardina
Attorney for Plaintiff
**The Consumer Rights Law Group**
3104 W. Waters Avenue, Suite 200
Tampa, Florida 33614-2877
Tel: (813) 435-5055 ext 101
Fax: (866) 535-7199
James@ConsumerRightsLawGroup.com